IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID DUANE FINNEGAN, JR., )
    Plaintiff, )
)
vs. )   C.A. No. 1:25-cv-232
)
)
ANGEL C. BURBULES-FINNEGAN, et al, )   District Judge Baxter
    Defendants. )

## MEMORANDUM OPINION

**Procedural History**

    Plaintiff David Duane Finnegan, Jr., acting pro se, initiated this action by the filing of a complaint on August 5, 2025. *See* ECF No. 1. As Defendants to the action, Plaintiff names Angel C. Burbules-Finnegan, McCormick & Vilushis, LLC, a law firm, and Attorney Joseph C. DePalma. Plaintiff's legal claims arise out of an ongoing custody dispute. He alleges that Defendants conspired to "deprive him of liberty, custody, property, peace of mind, and reputation through false reports, weaponized legal mechanisms, and abuse of the mental health and family law systems, including unlawful detention, malicious prosecution, defamation, and intentional infliction of emotional distress." *Id*. As relief, he seeks damages for the alleged violation of his constitutional rights by way of 42 U.S.C. § 1983 and § 1985. He also raises several state law claims arising out of the same factual scenario. Since the filing of the complaint, Plaintiff has also filed an "Emergency Motion for Temporary Restraining Order and Protective Order." ECF No. 3.

1

**Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under § 1915(e)(2) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint unless the amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**Plaintiff's Claims**

In his complaint, Plaintiff self-identifies the following legal claims:

    (1) "Violation of 42 U.S.C. § 1983: violations of First, Fourth, Fifth, and Fourteenth Amendments";

    (2) "Violation of 42 U.S.C. § 1985(3): conspiracy to interfere with civil rights";

    (3) "Abuse of Process: legal actions used to maliciously to manipulate custody and reputation";

2

>    (4) "Intentional Infliction of Emotional Distress; psychological trauma to Plaintiff and minor children";
>
>    (5) "Violation of PA Constitution: rights to liberty, family, and due process were denied";
>
>    (6) "Violation of Scriptural Law: Defendants bore false witness and misused legal systems in contradiction to divine law."

ECF No. 1, page 11. The factual allegations supporting these legal claims are scant and underdeveloped, but all arise out of a custody dispute in which Angel Burbules-Finnegan challenged Plaintiff's mental health.

Even though his pleading is difficult to follow, because Plaintiff is proceeding *pro se*, his filings must be "liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation marks and citation omitted). Notwithstanding this relaxed pleading-standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Plaintiff's federal claims, even liberally construed, fail as a matter of law and must be dismissed for failure to state a claim upon which relief may be granted.

To state a § 1983 claim, a claimant must plead that the other party acted "under the color of state law." *Curley v. Klem,* 298 F.3d 271, 277 (3d Cir. 2002). The " 'color of state law element is a threshold issue,' and thus there is no liability if the defendant is not acting under color of state law." *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995); *Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (citation omitted). The named Defendants

3

here are all private citizens or entities and there is no factual allegation that they were acting under color of state law so as to impose liability under § 1983. Because Plaintiff cannot satisfy this threshold requirement, Plaintiff's § 1983 claims must be dismissed for failure to state a claim upon which relief may be granted.

To state a civil conspiracy claim under § 1985(3), a claimant must plead certain factual allegations with specificity. A plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. Of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983) *citing Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Moreover, the "reach of § 1985(3) is limited to private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.'" *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) *quoting Griffin*, 403 U.S. at 102. Although Plaintiff alleges generally that his civil rights have been violated by a conspiracy undertaken by the three named Defendants, his allegations are far from specific enough to state a claim under this statute. Accordingly, this claim will be dismissed.

District courts must generally allow a *pro se* plaintiff such as Finnegan leave to amend a deficient complaint prior to dismissal unless doing so would be futile. *See Gay v. City of Phila.*, 603 Fed. App'x 87, 88 (3d Cir. 2015) *citing Grayson*, 293 F.3d at 108. "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss." *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed. App's 88, 95 (3d Cir. 2015) *quoting Jablonski v. Pan Am.*

*World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Because the undersigned concludes, as a matter of law, that none of the named Defendants are state actors or acted under color of state law, leave to amend against any of these named Defendants as to the § 1983 claim is futile. However, it is possible that Plaintiff could state sufficient factual allegations to state a claim under § 1985(3) and he will be allowed to do so.

Because this Court is dismissing the claims over which it has original jurisdiction, i.e., the federal claims under § 1983 and § 1985(3), it will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993) ("…[A] district court may, in its discretion, decline to exercise [supplemental] jurisdiction … if the district court has dismissed all claims over which it has original jurisdiction.") (cleaned up).

Plaintiff's motion for preliminary injunctive relief will be dismissed without prejudice. At this juncture, with the dismissal of his federal claims, Plaintiff cannot demonstrate a substantial likelihood of success on the merits – one of the required elements that a movant must show for the issuance of a temporary restraining order.[1] Although the dismissal of the motion for temporary restraining order may appear incongruous given that the Court is permitting Finnegan to amend his complaint as to the § 1985 claim, the Court notes that, based on the allegations and attachments to Plaintiff's filings, as well as the applicable legal standards, it appears unlikely that Finnegan will ultimately be able to state a viable claim. The Court, however, declines to address that point definitively at this stage. An appropriate Order follows this Memorandum Opinion.

---

[1] Preliminary injunctive relief is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the inunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* at 153.