**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID DUANE FINNEGAN, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 1:25-cv-232** |
| | ) | |
| | ) | |
| **ANGEL C. BURBULES-FINNEGAN, et al,** | ) | **District Judge Baxter** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

### I.  Procedural History

Plaintiff David Duane Finnegan, Jr., acting pro se, initiated this action by the filing of a complaint on August 5, 2025. *See* ECF No. 1. As Defendants to the action, Plaintiff originally named Angel C. Burbules-Finnegan, the law firm of McCormick & Vilushis, LLC, and Attorney Joseph C. DePalma. Plaintiff's legal claims arose out of an ongoing custody dispute with Ms. Burbules-Finnegan over their minor child. He alleged that these three Defendants conspired to "deprive him of liberty, custody, property, peace of mind, and reputation through false reports, weaponized legal mechanisms, and abuse of the mental health and family law systems, including unlawful detention, malicious prosecution, defamation, and intentional infliction of emotional distress." *Id.* As relief, he sought damages for the alleged violation of his constitutional rights by way of 42 U.S.C. § 1983 and § 1985. He also raised several state law claims stemming from the same factual scenario.

In his Original Complaint, Plaintiff asserted federal claims for violations of the First, Fourth, Fifth, and Fourteenth Amendments, brought pursuant to 42 U.S.C. § 1983, as well as a

claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). He also alleged

multiple claims arising under state law. ECF No. 1, page 11. The factual allegations supporting

those legal claims were scant and underdeveloped, but all arose out of a custody dispute in which

Ms. Burbules-Finnegan challenged Plaintiff's mental health.

Pursuant to 28 U.S.C. § 1915(e)(2)[1], this Court screened Plaintiff's complaint and

determined that his federal claims, even liberally construed, failed as a matter of law and were

dismissed for failure to state a claim upon which relief may be granted. ECF No. 5. In the

opinion, this Court explained that, although Plaintiff had broadly alleged a conspiracy among the

three named Defendants, the allegations were too vague and conclusory to state a viable claim

and therefore had to be dismissed. Any amendment of the § 1983 claim was deemed futile

because none of the named defendants qualify as state actors or acted under color of state law.

However, the Court recognized that Plaintiff might be able to allege sufficient facts to support a

claim under § 1985(3) and permitted amendment on that basis alone.[2] Finally, because the

federal claims were dismissed, the Court declined to retain jurisdiction over the remaining state

law claims. *Id.*

---

[1] The statute provides that "[t]he court shall dismiss the case at any time if the court determines
that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which
relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory
and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S.
319, 327 (1989). Whether a complaint fails to state a claim under § 1915(e)(2) is governed by the
same standard applicable to motions to dismiss under Federal Rule of Civil Procedure
12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires
the court to determine whether the complaint contains "sufficient factual matter, accepted as true,
to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quotations omitted).

[2] The Order specifically stated that Plaintiff would be allowed to file "an amended complaint to
state his federal civil conspiracy claim under 28 U.S.C. § 1985(3)..." ECF No. 5.

Thereafter, Plaintiff filed an Amended Complaint. ECF No. 6. Despite this Court's prior order limiting the amendment to allegations of civil conspiracy between the three original Defendants and specifically declining to exercise supplemental jurisdiction over any state law claims, Plaintiff added several Defendants and multiple legal claims, and reasserted previously dismissed claims.[3]  The additional Defendants are: Erie County Crisis Services (later identified as Safe Harbor Behavioral Health of UPMC Hamot[4]), Erie County Office of Children  and Youth ("OCY"), and Erie County Sheriff James Fuller.[5]

The Amended Complaint, which offers little improvement over the original, alleges that in late July 2025, Plaintiff was contacted by OCY which acknowledged Angel Burbules-Finnegan's history of maliciously making false reports against him. Around the same time, Burbules-Finnegan filed a petition to modify custody citing the alleged mental illness of Plaintiff. The following day, her attorney DePalma filed a motion seeking emergency custody. Burbules-Finnegan and DePalma then contacted Safe Harbor and the Pennsylvania State Police and initiated a "fraudulent 302 warrant." ECF No. 6.

---

[3] Plaintiff's amended pleading exceeds the scope of leave granted by this Court. Any claims previously dismissed by prior Memorandum and Order remain dismissed and are not properly before the Court because Plaintiff was not granted leave to replead them. Nevertheless, although the Court is not required to revisit those claims, it will do so briefly out of an abundance of caution.

[4] This organization will be referred to as "Safe Harbor" throughout this Memorandum Opinion.

[5] In the Amended Complaint, Plaintiff also named the Pennsylvania State Police, Millcreek Township Police Department, and Judge Erie Connelly-Marucci. Plaintiff later withdrew his claims against these three Defendants. *See* ECF Nos. 24, 29.

On August 1, 2025, PSP and Safe Harbor appeared at the home of Christina Luthey terrifying her and her child despite knowing that Plaintiff did not live there. Later that day, Millcreek Police contacted Plaintiff "acknowledged the suspicious nature of the allegations, and apologized." Two days later, during a planned custody exchange of a minor child, Plaintiff was surrounded by police, handcuffed and transported to the Millcreek Community Hospital where he was detained for several hours before he was released. *Id.*

On August 11, 2025, at a custody hearing in state court, Plaintiff served the original Defendants with this federal civil rights complaint. At the hearing, Sheriff James Fuller used excessive force against Plaintiff's adult son, Kydian Jaeovanni Finnegan, slamming him into a wall and handcuffing him, thereby preventing him from testifying. Plaintiff was directed to leave the courtroom while Burbules-Finnegan, DePalma, and an OCY worker remained inside. Plaintiff acknowledges that he is unaware whether testimony occurred in his absence. Judge Connelly-Marucci proceeded with the hearing despite being informed of the pending federal case, stating she "did not care," and then issued custody orders based on fraudulent allegations. *Id.*

Liberally construing the allegations of the Amended Complaint against the six remaining Defendants, they are, in summary, that:

> **Angel Burbules-Finnegan** falsely reported Plaintiff and initiated custody proceedings by claiming he suffered from mental illness, acting maliciously and as part of a broader effort to interfere with his rights. Her attorney, **DePalma**, assisted in that effort by filing for emergency custody and collaborating with her to contact authorities and trigger what Plaintiff characterizes as a fraudulent involuntary commitment ("302") process.
>
> The **Erie County Crisis Services or Safe Harbor** participated in this scheme by pursuing the allegedly baseless 302 warrant and, along with law enforcement,

4

appearing at a third party's home despite knowing Plaintiff did not reside there, contributing to harassment and intimidation. The **OCY** is accused of acknowledging Burbules-Finnegan's history of false reports yet failing to prevent or stop the allegedly improper actions, effectively enabling the conduct.

With respect to law enforcement, Plaintiff alleges that police officers (none of whom are defendants in this action) wrongfully detained him during a custody exchange, handcuffing and transporting him for involuntary evaluation without adequate basis. Finally, **Sheriff James Fuller** is alleged to have used excessive force against Plaintiff's adult son at the custody hearing—slamming him into a wall and handcuffing him—to prevent him from testifying, thereby interfering with Plaintiff's ability to present his case.[6]

Plaintiff claims that these factual allegations support legal claims of: § 1983 civil rights violations; § 1985(3) conspiracy to interfere with civil rights; abuse of process; intentional infliction of emotional distress; defamation/false light; UCC bad faith; and ecclesiastical law violations. Plaintiff pleads generally failing to indicate which legal claims are raised against which Defendants.

Plaintiff also filed a legal memorandum in support of his Amended Complaint. ECF No. 8. This memorandum is not technically a pleading under the Federal Rules of Civil Procedure. It does, however, provide some additional detail clarifying the theories underlying Plaintiff's claims. For example, Plaintiff points to the following timeline in support of his conspiracy

---

[6] There is not a single factual allegation against the law firm of **McCormick and Vilushis** in the Amended Complaint. Other than in the section identifying the parties, the law firm is not mentioned in the pleading. In his Opposition Brief, Plaintiff explains his theory that the firm is "vicariously and directly liable of the acts of its attorney Joseph DePalma." ECF No. 39. Even if Plaintiff had pled this in the Amended Complaint, Plaintiff's understanding of the law is wrong. The imposition of vicarious liability is not permitted under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983…"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrong; liability cannot be predicated solely on the operation of *respondeat superior*."). Accordingly, any legal claims against the firm will be dismissed with prejudice.

claim: "July 31 custody petition, Aug 1 emergency motion, Aug 1-3 302 warrant, Aug 3 seizure, [and] Aug 11 hearing." *Id.* In this filing, Plaintiff also raises a Fourteenth Amendment claim based on a violation of "fundamental parental rights" to due process and a Fourth Amendment false imprisonment and unlawful seizure claim, seemingly for the first time.

In response to the Amended Complaint, all Defendants have filed motions to dismiss. Presently pending before this Court are motions to dismiss based on Plaintiff's failure to state a claim: motion to dismiss by DePalma [ECF No. 30]; motion to dismiss by McCormick & Vilushis, LLC [ ECF No. 32]; motion to dismiss by Erie County Office of Children and Youth and Sheriff James Fuller [ECF No. 34]; and motion to dismiss by Erie County Crisis Services [ECF No. 36]. Defendant Angel Burbules-Finnegan has filed a motion to dismiss for insufficiency of service. ECF No. 45.  Plaintiff has filed briefs opposing all the motions to dismiss [ECF Nos. 38-41] and, in relation to Defendant Burbules-Finnegan, he has filed a motion to strike [ECF No. 48] and a motion for default judgment [ECF No. 49]. These motions are fully briefed and are ripe for disposition by this Court.

## II.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to

6

dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) *citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) *citing* 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

While detailed factual allegations are not required to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Id*. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id. citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported b the facts as explained in the complaint. *See California Pub. Employee Ret Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) *citing Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the court must view the factual allegations contained in the pleading at issue as true, the court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has laid out the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and the determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) *quoting Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Discussion and Analysis

### A. The § 1985(3) Claim

Plaintiff's federal claims will be dismissed for failure to state a claim and this Court again declines to exercise supplemental jurisdiction over any state law claims.[7] Because this Court allowed Plaintiff to amend his Original Complaint for the express purpose of attempting to state a conspiracy claim under § 1985(3), the analysis begins there.

To state a civil conspiracy claim under this statute, a claimant must plead certain factual allegations with specificity. A plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of

---

[7] *See Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993) ("… [A] district court may, in its discretion, decline to exercise [supplemental] jurisdiction … if the district court has dismissed all claims over which it has original jurisdiction.") (cleaned up).

the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. Of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983) *citing Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Moreover, the "reach of § 1985(3) is limited to private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.'" *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) *quoting Griffin*, 403 U.S. at 102. *See also Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (a claimant must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a claim).

A conspiracy claim must be pled with sufficient specificity, which requires a plaintiff "to identify with particularity the conduct violating plaintiff's rights, the time and place of these actions, and the people responsible therefor." *DeJohn v. Temple Univ.*, 2006 WL 2623274, at *5 (E.D. Pa. Sept. 11, 2006). A plaintiff must provide more than "mere incantation of the words 'conspiracy' or 'acted in concert' to satisfy his Rule 8 pleading requirement." *Loftus v. SEPTA*, 843 F.Supp. 981, 987 (E.D. Pa. 1994). Where a civil conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

In his Original Complaint, Plaintiff alleged generally that his civil rights were violated by a conspiracy undertaken by the three original Defendants (the mother of his minor child, her attorney, and his law firm), and that claim was dismissed because his allegations were not specific enough to state a claim under this statute. His Amended Complaint, taken together with the arguments raised in the supporting memorandum, also fails to state a conspiracy claim.

9

Plaintiff has not pled any racial or class-based discriminatory animus. He has not pled that these six named Defendants (Burbules-Finnegan, McCormick and Vilushis, DePalma, Safe Harbor, OCY, and Sheriff Fuller) entered into an agreement to violate his constitutional rights and then engaged in some concerted act in that regard. These are the basic elements of the claim, and Plaintiff has not alleged facts sufficient to plausibly establish them. Even Plaintiff's timeline theory, advanced in his memorandum in support of his Amended Complaint, does not cure these deficiencies. At most the timeline reflects a sequence of legal proceedings that would ordinarily follow the filing of a custody petition and emergency motion. They do not plausibly support a civil conspiracy claim. Accordingly, the civil conspiracy claim will be dismissed.

District courts must generally allow a *pro se* plaintiff such as Finnegan leave to amend a deficient complaint prior to dismissal unless doing so would be futile. *See Gay v. City of Phila.*, 603 Fed. App'x 87, 88 (3d Cir. 2015) *citing Grayson*, 293 F.3d at 108. "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss." *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed. App's 88, 95 (3d Cir. 2015) *quoting Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Because Plaintiff has already been permitted the opportunity to amend for the express purpose of attempting to state a conspiracy claim and has failed to do so, any further attempt at amendment will not be allowed as it is prejudicial to Defendants and is unlikely to withstand a renewed motion to dismiss.

## B. The § 1983 Claims

Although Plaintiff's § 1983 claims raised in the Original Complaint were dismissed, he attempts to reassert them in the Amended Complaint. He alleges, but only in the most general

10

way, that Defendants violated his civil rights under § 1983. ECF No. 6.  Liberally construing

Plaintiff's allegations, these claims are based on the denial of due process and the excessive use

of force. Additionally, looking to Plaintiff's filings beyond the Amended Complaint, he mentions

"false imprisonment" related to his seizure or arrest "under a fraudulent 302 warrant." *See* ECF

No. 8.

While the Fourteenth Amendment due process clause and the Fourth Amendment's

prohibition against unlawful seizure, false arrest, and excessive force generally can be enforced

through § 1983, Plaintiff has not sufficiently stated any of these legal claims against these

Defendants.

As a threshold matter, in order to state a § 1983 claim, a claimant must plead that the

other party acted "under the color of state law." *Curley v. Klem,* 298 F.3d 271, 277 (3d Cir.

2002). The " 'color of state law element is a threshold issue,' and thus there is no liability if the

defendant is not acting under color of state law." *Groman v. Township of Manalapan*, 47 F.3d

628, 633 (3d Cir. 1995); *Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021)

(citation omitted). Defendants Burbules-Finnegan and DePalma are private citizens and there is

no factual allegation that they were acting under color of state law so as to impose liability under

§ 1983. Moreover, Safe Harbor is also not a state actor. *See* ECF No. 37, p. 6. Because Plaintiff

cannot satisfy this threshold requirement, Plaintiff's § 1983 claims against Burbules-Finnegan,

DePalma, and Safe Harbor must be dismissed for failure to state a claim upon which relief may

be granted.

Although OCY is arguably a state actor, it is not an appropriate party in a § 1983 suit. *See*

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65, 71 (explaining that a state is not a

"person" for § 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (noting that a

11

state agency may not be sued under § 1983 because it is not a "person"). Accordingly, Plaintiff's § 1983 claims against OCY must be dismissed.[8] Furthermore, because the due process claim is asserted against Defendants who cannot be sued under § 1983, the claim fails as a matter of law and will be dismissed with prejudice.

Next, Plaintiff's excessive force claim against Sheriff Fuller will be dismissed. While Plaintiff alleges that Fuller used an excessive amount of force to improperly remove his adult son from a courtroom, importantly, he does not allege that Fuller used any amount of force against him. This is fatal to his claim. Plaintiff does not have standing to sue on behalf of his adult son because "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). *See also Reihner v. County of Washington*, 672 Fed. App'x 142, 144 (3d Cir. 2016). Accordingly, the claim will be dismissed with prejudice.

Finally, Plaintiff has also failed to state a viable false arrest/false imprisonment claim[9]. Plaintiff alleges that he was surrounded by police during a custody exchange, resulting in his being handcuffed and transported for involuntary mental health evaluation. However, Plaintiff does not name any law enforcement personnel as defendants in this action. Although Plaintiff

---

[8] This same principle applies equally to Safe Harbor, providing an alternative basis for dismissal.
[9] False arrest and false imprisonment are "nearly identical claims" that are "generally analyzed together," through they remain doctrinally distinct. *Brockington v. City of Philadelphia*, 354 F.Supp. 2d 563, 571 n.8 (E.D. Pa. 2005). False arrest concerns the legality of the arrest itself while false imprisonment concerns the detention that follows. *Reedy v. Twp. of Cranberry*, 2007 WL 2318084, at *3 (W.D. Pa. Aug. 9, 2007). A false arrest claim proceeds under a three-step framework: the plaintiff must show (1) a seizure, (2) that the seizure was unreasonable, and (3) that the defendant is liable for the violation. *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). A false imprisonment claim similarly requires proof that the plaintiff was detained and that the detention was unlawful – most often because it was unsupported by probable cause. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *Pinkney v. Meadville, Pennsylvania*, 648 F.Supp.3d 615, 635 (W.D. Pa. 2023).

named the Pennsylvania State Police and the Millcreek Township Police Department as Defendants in the Amended Complaint, he later withdrew his claims against them stating that "Plaintiff does not allege intentional wrongdoing on their part at this time." *See* ECF No. 29. A false arrest/false imprisonment claim is not appropriate against any of the other remaining Defendants named in this action and so, accordingly, it will be dismissed with prejudice.

### C. The Uniform Commercial Code Bad Faith Claim

Although raised in both his Original and Amended Complaints, Plaintiff does not provide a single factual allegation even remotely relevant to any contract or agreement which would be governed by the Uniform Commercial Code. The UCC primarily governs transactions involving commercial dealings. *See* U.C.C. § § 1-101. Accordingly, such will be dismissed with prejudice.

### D. Sufficiency of Service

In the interests of judicial economy, federal courts may dispose of plainly meritless claims without addressing other threshold defenses. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (distinguishing between merits determinations and threshold grounds for dismissal). This Court need not address the insufficiency of service as raised by Defendant Angel Burbules-Finnegan in her motion to dismiss or in Plaintiff's responsive motions thereto. *See* ECF Nos. 45, 48, 49. The legal claims against her are clearly meritless as discussed above and so no discussion or analysis need be conducted as to whether she was served appropriately and timely in accord with the Federal Rules of Civil Procedure. Her

motion to dismiss will be dismissed and all legal claims against her will be dismissed pursuant to this Court's authority under 28 U.S.C. § 1915(e)(2).

An appropriate order follows.